LINDA F. THOMAS
*Plaintiff*

**V.**

CITY OF BATON ROUGE, THROUGH MAYOR
MELVIN L. "KIP" HOLDEN, FORMER CHIEF
OF POLICE C. JEFFREY LEDUFF, CHIEF OF
POLICE DONALD DEWAYNE WHITE,
DETECTIVE SCOTT BLAKE, SERGEANT
CHRISTOPHER J. JOHNSON, OFFICER JOHN
DOE, SERGEANT WAYNE MARTIN, CAPTAIN
MYRON DANIELS, SERGEANT RICKY
ARNETTE, CORPORAL KEVIN HEINZ,
CORPORAL SHANE MOUCH, CORPORAL MIKE
WALKER, CAPTAIN GREG PATIN, CORPORAL
THOMAS S. MORSE, JR., CORPORAL
CARROLL J. LANDRY, III, SERGEANT DAVID
WALLACE, AND CORPORAL CHRIS POLITO
*Defendants*

C DOCKET NO: 3:11-CV-00664-BAJ –CN
JUDGE BRIAN A. JACKSON
MAGISTRATE JUDGE NOLAND

# A M E N D E D   C O M P L A I N T

**1.** This is Plaintiff's first amending and supplemental Amended Complaint, being an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the laws of the State of Louisiana, against the **City of Baton Rouge**, through **Mayor Melvin L. "Kip" Holden**, **Former Chief of Police C. Jeffrey LeDuff**, **Chief of Police Donald Dewayne White**, **Detective Scott Blake**, **Sergeant Christopher J. Johnson**, **Officer John Doe, Sgt. Wayne Martin, Cpt Myron Daniels, Sgt. Ricky Arnette, Cpl. Kevin Heinz, Cpl. Shane Mouch, Cpl. Mike Walker, Capt. Greg Patin, Cpl. Thomas S. Morse, Jr., Cpl. Carroll J. Landry, III, Sgt. David Wallace,** and **Cpl. Chris Polito**.

**2.** Plaintiff **Linda F. Thomas** was ensconced in her home located at 606 Myrtle Street,

Case 3:11-cv-00664-BAJ-SCR    Document 15    07/25/12    Page 1



EXHIBIT
**A**

Baton Rouge, Louisiana 70802, on the morning of September 28, 2010, when the Baton Rouge Police Department's SRT Alpha Team executed a Search Warrant upon the premises.

**3.**     During execution of the Search Warrant, Defendant Officer John Doe pointed a loaded rifle directly at Plaintiff's face, and Officer Doe further ordered Plaintiff Thomas to lie on the floor, at which time Officer Doe stomped his foot squarely on Plaintiff's face, causing lacerations, bruising, scars, and other injuries.

**4.**     Plaintiff specifically suffered right eye, nose, forehead, ear, and neck injuries all as a result of having her face viciously stomped upon by Defendant Officer John Doe.

**5.**     Plaintiff was later "patted down" in a contraband search which violated Plaintiff's clearly established Fourth Amendment rights.  See, *e.g.*, <u>Doe v. Groody</u>, 361 F.3d 232, 239 (3d Cir. 2004).

**6.**     The various other officers who were present on the scene caused property damage to the Plaintiff's home, including breaking down the home's doors, destroying an adjacent utility shed's door, deploying a smoke bomb which burned the home's carpeting, and tearing the screen along Plaintiff's back porch.

## J U R I S D I C T I O N

**7.**     The Plaintiff adopts and restates those allegations contained in Paragraphs One (1) through Six (6), in their entirety, as if fully copied *in extenso* herein.

**8.**     Jurisdiction is based upon 28 U.S.C. §§ 1331, 1343, and 1367, and upon the pendent jurisdiction of this Court to entertain claims arising under state law.

## P A R T I E S

**9.**     The Plaintiff adopts and restates those allegations contained in Paragraphs One (1) through Eight (8), in their entirety, as if fully copied *in extenso* herein.

Case 3:11-cv-00664-BAJ-SCR   Document 15   07/25/12   Page 2 of 17

**10.** Plaintiff, Linda F. Thomas, was at all times relevant to this Complaint a legal citizen of the United States of America and a competent adult of the full age of majority and consent, domiciled, living, and residing in the Parish of East Baton Rouge, State of Louisiana

**11.** Detective Scott Blake, Sergeant Christopher J. Johnson, Officer John Doe, Sgt. Wayne Martin, Cpt Myron Daniels, Sgt. Ricky Arnette, Cpl. Kevin Heinz, Cpl. Shane Mouch, Cpl. Mike Walker, Capt. Greg Patin, Cpl. Thomas S. Morse, Jr., Cpl. Carroll J. Landry, III, Sgt. David Wallace, and Cpl. Chris Polito were, at all times relevant to this Complaint, each duly appointed and acting officers of the Police Department of the City of Baton Rouge, acting under color of law, to wit, under color and authority of the statutes, ordinances, regulations, policies, customs and usages of the State of Louisiana and/or the City of Baton Rouge.

**12.** The actions of Defendants Blake, Johnson, Doe, Martin, Daniels, Arnette, Heinz, Mouch, Walker, Patin, Morse, Landry, Wallace, and Polito were supported, authorized, approved, and/or otherwise generally ratified by their respective superior officers, including Chief of Police Donald Dewayne White and/or Former Chief of Police C. Jeffrey LeDuff.

**13.** The City of Baton Rouge, Louisiana, is a municipal corporation and the public employer of the said defendant officers.

**14.** The Mayor of Baton Rouge, Melvin L. "Kip" Holden, did, at all time times material and relevant herein, hold executive authority over the City of Baton Rouge and/or the Baton Rouge City Police Department.

**15.** Chief of Police Donald Dewayne White and/or Former Chief of Police C. Jeffrey LeDuff in his official capacity is deemed the "employer" of members of the Baton Rouge City Police Department, and, as such, the present and/or former Chief of Police should be the party held vicariously liable for torts committed by the City's police officers.  See, e.g., <u>Nall v. Parish of</u>

Case 3:11-cv-00664-BAJ-SCR   Document 15   07/25/12   Page 3 of 17

Iberville, 542 So.2d 145, 149 (La.App. 1 Cir. 1989), citing La. R.S. 42:1441.3, *et seq.*

**16.**     At all times herein relevant, the said defendant officers were acting within the course and scope of their employment with the City of Baton Rouge.

**F A C T S**

**17.**     The Plaintiff adopts and restates those allegations contained in Paragraphs One (1) through Sixteen (16), in their entirety, as if fully copied *in extenso* herein.

**18.**     The following statement of facts is made upon the Plaintiff's own knowledge, information, recollection, and belief.

**19.**     At or near 8:15 AM on September 28, 2010, Defendants Blake, Johnson, Doe, Martin, Daniels, Arnette, Heinz,  Mouch, Walker, Patin, Morse, Landry, Wallace, and Polito executed a Search Warrant upon the premises owned and occupied by Plaintiff Thomas.

**20.**     After breaking down the entrance doors leading into Plaintiff's home, Defendants Doe and others rushed into the home with weapons drawn.

**21.**     Upon information and belief, the Search Warrant was executed by members of the Baton Rouge Police Department SRT Alpha Team, a twenty-three (23) member Special Response Team which "handles BRPD's most dangerous assignments—hostage rescues, barricaded suspects, high-risk search and arrest warrants and the capture of dangerous fugitives." <http://www.225batonrouge.com/news/2008/apr/30/when-cops-call-911>.

**22.**     Upon information and belief, this group of armed police officers included at least two (2) snipers and employed a full panoply of "explosive breeching tools, bulletproof shields and ballistic blankets, robotic cameras, an armored truck, a mobile command post and lots of weapons."  <http://www.225batonrouge.com/news/2008/apr/30/when-cops-call-911>.

**23.**     Upon information and belief, Defendant Officer John Doe was a member of this "highly

- 4 -

trained and dedicated group of professionals" whose weaponry and self-defense training are *par excellence*.

**24.** All of the firepower and weaponry SRT Alpha Team descended upon the humble dwelling of Plaintiff Thomas in conjunction with a Search Warrant which had been signed a day before.

**25.** The Search Warrant identified Plaintiff Thomas' home as a place which may contain items stolen in an earlier home invasion—including such things as "a large flat screen television, a Acer laptop computer, and a electronic notebook."

**26.** Although the earlier home invasion had involved particularly despicable conduct which resulted in a young lady's death, the Search Warrant for Plaintiff Thomas' home only sought tangible items—including items which were alleged to have been taken during the earlier crime.

**27.** *None* of the items listed in the Search Warrant were ultimately located in Ms. Thomas' home.

**28.** Upon hearing the commotion caused when the SRT Alpha Team entered her home, Plaintiff opened her bedroom door and was immediately staring at the barrel of a loaded, cocked rifle which Defendant Officer John Doe had trained on her face.

**29.** Defendant Officer Doe commanded Plaintiff Thomas to lie prostrate, face-down on the floor.

**30.** Defendant Officer Doe commanded Plaintiff Thomas to place her hands on her head.

**31.** Defendant Officer Doe then raised his foot and squarely stomped Plaintiff Thomas on her face.

**32.** Defendant Officer Doe aggressively twisted the sole of his boot in order to inflict the maximum pain and discomfort upon Plaintiff's face, eye, and nose.

- 5 -

**33.**   Defendant Officer Doe—a "SWAT gunslinger"—pressed the entire weight of his own body down unto the Plaintiff's face, causing right eye, nose, forehead, ear, and neck injuries—all of which were immediately and painfully manifested.

**34.**   Defendant Officer Doe kept his loaded rifle trained upon the Plaintiff while simultaneously leaning the weight of his body onto her face—a vile and despicable act of violence committed upon an innocent and defenseless retirement-age female who offered no resistance or impediment whatsoever to Officer Doe's execution of a Search Warrant.

**35.**   After inflicting as much pain as possible upon the Plaintiff's face, Defendant Officer Doe shifted his weight onto his other leg and summoned a fellow officer (whose identity is not known) to pull Ms. Thomas upright.

**36.**   After Officer Doe and his fellow officer managed to get Plaintiff Thomas to her feet, Officer Doe held his weapon trained on Ms. Thomas while the other officer conducted a full pat-down search of Ms. Thomas's body and clothing.

**37.**   Plaintiff Thomas was not named, either expressly or implicitly, in the Search Warrant being executed by the SRT Alpha Team and Officer Doe.

**38.**   It is well-settled that police officers are not entitled to perform Terry v. Ohio-style protective frisks on persons encountered during the execution of a Search Warrant—much less full-blown body searches: "But when the search warrant is for evidence of a crime that does not commonly involve violence, or if the crime does involve violence but the people on the premises have no apparent connection to the crime, then the police will not be authorized to conduct protective frisks unless the officers have some additional affirmative indication that particular individuals are armed and presently dangerous."   Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* (3rd ed.1996), § 9.5(a), Vol. 4, pp. 256-57, as cited in Way v.

State, 101 P.3d 203, 211 (Alaska.App. 2004).

**39.**    It is specifically alleged the full pat-down body search of Ms. Thomas' personage was conducted "for possible evidence or contraband, and not because [she was] viewed as possibly armed or dangerous." See, *e.g.*, Doe v. Groody, 361 F.3d 232, 238 (3d Cir. 2004).

**40.**    Plaintiff Thomas was neither armed nor presently dangerous.

**41.**    In point of fact, Plaintiff Thomas is a retirement-age female with high blood pressure and diabetes who lived in her home along with her adult child, Ricky, who was confined to a wheelchair following a stroke which he suffered earlier in 2010.

**42.**    Following this pat-down search, Ms. Thomas was taken into her home's living room where she remained surrounded by other members of the "highly trained and dedicated group of professionals" which comprise the Baton Rouge Police Department's SRT Alpha Team.

**43.**    Thereafter, these "professionals" summoned an emergency medical technician who was a member of their group, and this gentleman found Ms. Thomas' grievous injuries did not require medical assistance.

**44.**    Some three (3) hours after this ordeal, Ms. Thomas presented to the Baton Rouge General Medical Center's Emergency Room where she was affirmatively diagnosed with severe pain secondary to a traumatic contusion (deep bruise) around the face or scalp—an injury which was glaringly obvious from the moment Officer Doe removed his boot off of Ms. Thomas' face.

**45.**    While the SRT Alpha Team's medical personnel determined Ms. Thomas required no medical attention for her very visible injuries, Defendants Blake, Johnson, Doe, Martin, Daniels, Arnette, Heinz,  Mouch, Walker, Patin, Morse, Landry, Wallace, and Polito began peppering Ms. Thomas with an accusatory line of questioning—all without having administered any Miranda warnings.

Case 3:11-cv-00664-BAJ-SCR   Document 15   07/25/12   Page 7 of 17

**46.** Following a full premises search which revealed no items responsive to the Search Warrant, the SRT Alpha Team moved on to its next target and left Ms. Thomas to seek necessary medical treatment on her own.

**47.** It is specifically alleged Officer John Doe's abuse of Plaintiff Linda Thomas exceeded all bounds of reasonableness, with Officer Doe inflicting extreme pain, torture, and cruelty upon Plaintiff Thomas' body.

**48.** It is specifically alleged that at no time did Plaintiff Thomas "fight back" or put up any defense to the egregious actions and misconduct of Officer Doe.

**49.** At no time did Plaintiff Thomas physically resist or assault Officer Doe in any way, and the force used against Plaintiff Thomas was unnecessary, unreasonable and excessive.

**50.** At no time during the events described above was Plaintiff Thomas intoxicated, incapacitated, a threat to the safety of herself or others, or disorderly.

**51.** Plaintiff Linda Thomas committed no criminal offense(s).

**52.** Officer John Doe had no warrant for the arrest of the plaintiff, Linda Thomas, no probable cause for the arrest of the Plaintiff, and no legal cause or excuse to seize or search the person of the Plaintiff.

**53.** At all times during the events described above, Officer John Doe was engaged in a joint venture with other as-of-yet unknown officers with the SRT Alpha Team and/or Sgt. Wayne Martin, Cpt Myron Daniels, Sgt. Ricky Arnette, Cpl. Kevin Heinz, Cpl. Shane Mouch, Cpl. Mike Walker, Capt. Greg Patin, Cpl. Thomas S. Morse, Jr., Cpl. Carroll J. Landry, III, Sgt. David Wallace, and Cpl. Chris Polito, and the individual officers assisted each other in performing the various actions described and lent their physical presence, support, tacit approval, and the authority of their office to each other during the said events.

Case 3:11-cv-00664-BAJ-SCR   Document 15   07/25/12   Page 8 of 17

**54.**     It is specifically alleged Defendants Detective Scott Blake and Sergeant Christopher J. Johnson were integrally involved in "swearing out" the necessary factual predicate which formed the basis of the Search Warrant issued for Plaintiff Thomas' home.

**55.**     It is specifically alleged Defendants Blake and Johnson were thus intimately familiar with the Search Warrant's terms, and they did nevertheless participate in the Search Warrant's execution and its attendant gross violation by each and every participating law enforcement officer.

**56.**     It is specifically alleged Defendants Blake and Johnson knew there was no attendant provision within the Search Warrant which permitted a search or seizure of Plaintiff Thomas personally; yet, these Defendants either expressly or tacitly acquiesced to execution of the Search Warrant in such a manner that Ms. Thomas was both illegally seized and searched in violation of the fundamental and core protections afforded to her by the Fourth Amendment as extended to the States through the Fourteenth Amendment.

### D A M A G E S

**57.**     The Plaintiff adopts and restates those allegations contained in Paragraphs One (1) through Fifty-Six (56), in their entirety, as if fully copied *in extenso* herein.

**58.**     As a direct and proximate result of the said acts of Officer John Doe and Defendants Blake, Johnson, Martin, Daniels, Arnette, Heinz,  Mouch, Walker, Patin, Morse, Landry, Wallace, and Polito, the plaintiff Linda F. Thomas suffered the following injuries and damages:

    a.     Violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of her person;

    b.     Property damage to Plaintiff's home and its vicinage;

    c.     Violation of her constitutional right to be free from excessive force;

Case 3:11-cv-00664-BAJ-SCR   Document 15   07/25/12   Page 9 of 17

d.    Loss of her physical liberty;

e.    Past, present and future medical, hospital, doctor, and related expenses;

f.    Past, present and future physical pain and suffering;

g.    Past, present and future mental anguish and anxiety;

h.    Past, present and future lost wages and diminished earning capacity;

i.    Past, present, and future emotional distress;

j.    Past, present, and future loss of enjoyment of life;

k.    Residual physical disability; and,

l.    Such other damages which were caused by the aforesaid incident and which were sustained by the plaintiff.

## C O U N T   I
### (42 U.S.C. § 1983 Against Individual Defendants)

**59.**    The Plaintiff adopts and restates those allegations contained in Paragraphs One (1) through Fifty-Eight (58), in their entirety, as if fully copied *in extenso* herein.

**60.**    Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendants Detective Scott Blake, Sergeant Christopher J. Johnson, Officer John Doe, Sgt. Wayne Martin, Cpt Myron Daniels, Sgt. Ricky Arnette, Cpl. Kevin Heinz, Cpl. Shane Mouch, Cpl. Mike Walker, Capt. Greg Patin, Cpl. Thomas S. Morse, Jr., Cpl. Carroll J. Landry, III, Sgt. David Wallace, and  Cpl. Chris Polito.

**61.**    Plaintiff claims these Defendant Officers caused the damages aforesaid under the color of law by acting in violation of Plaintiff's Constitutional rights.

**62.**    The conduct and actions of the Defendants named herein were done under color of state law and in their individual and official capacities and squarely within the scope of their employment.

- 10 -

**63.** Said acts by said Defendants were beyond the scope of their jurisdiction, without authority of law, and were an abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of her constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

### C O U N T   I I
**(Assault and Battery Against Individual Defendants)**

**64.** The Plaintiff adopts and restates those allegations contained in Paragraphs One (1) through Sixty-Three (63), in their entirety, as if fully copied *in extenso* herein.

**65.** Defendants Detective Scott Blake, Sergeant Christopher J. Johnson, Officer John Doe, Sgt. Wayne Martin, Cpt Myron Daniels, Sgt. Ricky Arnette, Cpl. Kevin Heinz, Cpl. Shane Mouch, Cpl. Mike Walker, Capt. Greg Patin, Cpl. Thomas S. Morse, Jr., Cpl. Carroll J. Landry, III, Sgt. David Wallace, and  Cpl. Chris Polito committed an assault and battery upon Plaintiff Linda F. Thomas.

**66.** As a result of this assault and battery, Plaintiff Linda F. Thomas suffered damages as aforesaid.

### C O U N T   I I I
**(False Arrest and Illegal Imprisonment Against Individual Defendants)**

**67.** The Plaintiff adopts and restates those allegations contained in Paragraphs One (1) through Sixty-Six (66), in their entirety, as if fully copied *in extenso* herein.

**68.** Defendants Detective Scott Blake, Sergeant Christopher J. Johnson, Officer John Doe, Sgt. Wayne Martin, Cpt Myron Daniels, Sgt. Ricky Arnette, Cpl. Kevin Heinz, Cpl. Shane Mouch, Cpl. Mike Walker, Capt. Greg Patin, Cpl. Thomas S. Morse, Jr., Cpl. Carroll J. Landry, III, Sgt. David Wallace, and  Cpl. Chris Polito illegally arrested and illegally detained /

Case 3:11-cv-00664-BAJ-SCR   Document 15   07/25/12   Page 11 of 17

imprisoned Plaintiff Linda F. Thomas.

**69.**     As a result of this false arrest and illegal detainment / imprisonment, Plaintiff Linda F. Thomas suffered damages as aforesaid.

**C O U N T   I V**
**(42 U.S.C. § 1983 Against City of Baton Rouge / Baton Rouge City Police Department)**

**70.**     The Plaintiff adopts and restates those allegations contained in Paragraphs One (1) through Sixty-Nine (69), in their entirety, as if fully copied *in extenso* herein.

**71.**     Prior to September 28, 2010, the City of Baton Rouge and/or the Baton Rouge City Police Department developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Baton Rouge, which policies or customs caused the violation of the Plaintiff's rights.

**72.**     It was the policy and/or custom of the City of Baton Rouge and/or the Baton Rouge City Police Department to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of Baton Rouge.

**73.**     It was the policy and/or custom of the City of Baton Rouge and/or the Baton Rouge City Police Department to tolerate known misconduct by Defendants Detective Scott Blake, Sergeant Christopher J. Johnson, Officer John Doe, Sgt. Wayne Martin, Cpt Myron Daniels, Sgt. Ricky Arnette, Cpl. Kevin Heinz, Cpl. Shane Mouch, Cpl. Mike Walker, Capt. Greg Patin, Cpl. Thomas S. Morse, Jr., Cpl. Carroll J. Landry, III, Sgt. David Wallace, and  Cpl. Chris Polito.

**74.**     Both prior and subsequent to September 28, 2010, the City of Baton Rouge and/or the Baton Rouge City Police Department had knowledge of prior incidents of police misconduct and deliberately failed to take remedial action.

**75.**     It was the policy and/or custom of the City of Baton Rouge and/or the Baton Rouge City Police Department to inadequately supervise and train its police officers, including Defendants

Case 3:11-cv-00664-BAJ-SCR   Document 15   07/25/12   Page 12 of 17

Detective Scott Blake, Sergeant Christopher J. Johnson, Officer John Doe, Sgt. Wayne Martin, Cpt Myron Daniels, Sgt. Ricky Arnette, Cpl. Kevin Heinz, Cpl. Shane Mouch, Cpl. Mike Walker, Capt. Greg Patin, Cpl. Thomas S. Morse, Jr., Cpl. Carroll J. Landry, III, Sgt. David Wallace, and Cpl. Chris Polito, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

**76.** It was the policy and/or custom of the City of Baton Rouge and/or the Baton Rouge City Police Department to not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

**77.** As a result of the above described policies and customs, police officers of the City of Baton Rouge and/or the Baton Rouge City Police Department, including Defendants Detective Scott Blake, Sergeant Christopher J. Johnson, Officer John Doe, Sgt. Wayne Martin, Cpt Myron Daniels, Sgt. Ricky Arnette, Cpl. Kevin Heinz, Cpl. Shane Mouch, Cpl. Mike Walker, Capt. Greg Patin, Cpl. Thomas S. Morse, Jr., Cpl. Carroll J. Landry, III, Sgt. David Wallace, and Cpl. Chris Polito, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

**78.** The City of Baton Rouge and/or the Baton Rouge City Police Department, by and through its Chief of Police, instituted and supported unconstitutional acts, customs, and policies whereby Baton Rouge Police Officers were permitted and encouraged to engage in the abuse of their status in pursuit of personal vendettas and grievances.

**79.** The acts, customs, and policies of the City of Baton Rouge and/or the Baton Rouge City Police Department amounted to deliberate indifference to the Plaintiff's constitutional rights and proximately caused her injuries as alleged herein.

**80.** Under the doctrine of *respondeat superior*, the defendant City of Baton Rouge and/or the

- 13 -

Baton Rouge City Police Department is fully responsible for the tortious acts of the individual employees named herein.

**81.**     The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of Baton Rouge, including Defendants Former Chief of Police C. Jeffrey LeDuff and Present Chief of Police Donald Dewayne White, to the constitutional rights of persons within the City of Baton Rouge, and were the cause of the violations of Plaintiff's rights alleged herein.

### C O U N T   V
### (State Law Action Against City of Baton Rouge / Baton Rouge City Police Department)

**82.**     The Plaintiff adopts and restates those allegations contained in Paragraphs One (1) through Eighty-One (81), in their entirety, as if fully copied *in extenso* herein.

**83.**     Defendants Detective Scott Blake, Sergeant Christopher J. Johnson, Officer John Doe, Sgt. Wayne Martin, Cpt Myron Daniels, Sgt. Ricky Arnette, Cpl. Kevin Heinz, Cpl. Shane Mouch, Cpl. Mike Walker, Capt. Greg Patin, Cpl. Thomas S. Morse, Jr., Cpl. Carroll J. Landry, III, Sgt. David Wallace, and  Cpl. Chris Polito failed to exercise due care and failed to properly analyze the facts clearly known to them and, by doing so, they violated Plaintiff's rights under Louisiana law, where Plaintiff was wrongfully detained, arrested, falsely imprisoned, illegally searched, and viciously abused, all of which was done without justification and for no proper purpose whatsoever.

### C O U N T   V I
### (Intentional Infliction of Emotional Distress Against All Defendants)

**84.**     The Plaintiff adopts and restates those allegations contained in Paragraphs One (1) through Eighty-Three (83), in their entirety, as if fully copied *in extenso* herein.

**85.**     As a direct and proximate consequence of the  outrageous  and unconscionable acts and

Case 3:11-cv-00664-BAJ-SCR   Document 15   07/25/12   Page 14 of 17

omissions on the part of the Defendants as described above, the Defendant Officers intentionally inflicted emotional distress upon the Plaintiff.

86.     Thus, the Plaintiff is entitled to a monetary judgment against the Defendants, both jointly and severally.

### C O U N T   V I I
**(Attorney Fees Against All Defendants)**

87.     The Plaintiff adopts and restates those allegations contained in Paragraphs One (1) through Eighty-Six (86), in their entirety, as if fully copied *in extenso* herein

88.     The Plaintiff contends that she is also entitled to the awarding of reasonable attorney fees as a part of the costs of prosecuting the present cause of action pursuant to 42 U.S.C. 1988.

### P A R T I C U L A R I Z E D   A L L E G A T I O N S

89.     The Plaintiff adopts and restates those allegations contained in Paragraphs One (1) through Eighty-Eight (88), in their entirety, as if fully copied *in extenso* herein.

90.     Plaintiff avers and states she was deprived of rights secured by the Constitution or laws of the United States by and through the actions, conduct, policies, and practices of the named defendants, and the said deprivation of rights was committed by Defendants under the color of state law.  See, *e.g.*, Lugar v. Edmondson Oil Co., 457 U.S. 922, 931, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982).

91.     Plaintiff avers and states the Defendants deprived her of constitutional and/or statutory rights which were clearly established at the time of the deprivation such that a reasonable official would understand his conduct was unlawful in the situation he confronted.  See, *e.g.*, Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

92.     Plaintiff avers and states Defendants Detective Scott Blake, Sergeant Christopher J. Johnson, Officer John Doe, Sgt. Wayne Martin, Cpt Myron Daniels, Sgt. Ricky Arnette, Cpl.

Case 3:11-cv-00664-BAJ-SCR   Document 15   07/25/12   Page 15 of 17

Kevin Heinz, Cpl. Shane Mouch, Cpl. Mike Walker, Capt. Greg Patin, Cpl. Thomas S. Morse, Jr., Cpl. Carroll J. Landry, III, Sgt. David Wallace, and Cpl. Chris Polito violated Plaintiff's right to be free from excessive force during the course of executing a Search Warrant, where the Defendant's use of force was excessive as measured under the Fourth Amendment's reasonableness standard, and the amount of force used by Defendant Officer John Doe was objectively unreasonable under the particular circumstances. See, *e.g.*, Graham v. Connor, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

93.     Plaintiff avers and states the Defendant Officers are not entitled to qualified immunity where the severity of the atrocities visited upon the Plaintiff were of sufficient magnitude that the Defendants knew or should have known their conduct was patently unconstitutional. Accord, Guite v. Wright, 147 F.3d 747, 750 (8th Cir.1998).

94.     Plaintiff avers the City of Baton Rouge and/or the Baton Rouge City Police Department had knowledge of prior incidents of police misconduct and deliberately failed to take remedial action, which failure caused or significantly contributed to the violence and abuse visited upon Plaintiff and for which the Defendants are liable in accordance with Harris v. City of Pagedale, 821 F.2d 499, 504 (8th Cir.), *cert. denied*, 484 U.S. 986, 108 S.Ct. 504, 98 L.Ed.2d 502 (1987).

95.     Plaintiff avers the full pat-down body search of Ms. Thomas' personage was conducted "for possible evidence or contraband, and not because [she was] viewed as possibly armed or dangerous." See, *e.g.*, Doe v. Groody, 361 F.3d 232, 238 (3d Cir. 2004).

    **WHEREFORE**, in consideration of the above and foregoing facts and circumstances as alleged, the Plaintiff now respectfully prays and requests that this Honorable Court:

    a.      Award compensatory damages to the Plaintiff and against the Defendants, jointly and severally;

    b.      Issue a court order, pursuant to 42 U.S.C. §1988, that the Plaintiff is

Case 3:11-cv-00664-BAJ-SCR   Document 15   07/25/12   Page 16 of 17

entitled to the costs involved in maintaining this action and reasonable attorney's fees;

c.      Award such other and further relief as this Court may deem appropriate; and,

d.      Issue a court order directing and convening and empaneling a jury to consider the merits of the claims herein.

Dated: June 22, 2012
Baton Rouge, Louisiana

Respectfully Submitted,

**J. Christopher Alexander, Sr., Esq., LLC**
Attorneys and Counselors at Law

_____/s/_____

J. Christopher Alexander, Sr., Esq.
Louisiana Bar Roll No.: 26,591
3751 Government Street, Suite "A"
Baton Rouge, Louisiana 70806
225-761-9456 (telephone)
225-761-7899 (facsimile)
jca@jcalaw.us
Counsel for Plaintiff

**WAIVERS / SUMMONS SENT TO:**

**City of Baton Rouge**
*Through Mayor Melvin L. "Kip" Holden*
222 Saint Louis Street, Third Floor
Baton Rouge, Louisiana 70802

**Detective Scott Blake**
*Through the Baton Rouge Police Department:*
704 Mayflower Street
Baton Rouge, Louisiana 70802

**Former Chief of Police C. Jeffrey LeDuff**
*Through the Baton Rouge Police Department:*
704 Mayflower Street
Baton Rouge, Louisiana 70802

**Sergeant Christopher J. Johnson**
*Through the Baton Rouge Police Department:*
704 Mayflower Street
Baton Rouge, Louisiana 70802

**Chief of Police Donald Dewayne White**
*Through the Baton Rouge Police Department:*
704 Mayflower Street
Baton Rouge, Louisiana 70802